UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| STEVEN K. STANLEY, | : | |
| Plaintiff, | : | CASE NO. 3:24-cv-1222 (MPS) |
| | : | |
| v. | : | |
| | : | |
| ADAM P. SCOTT,[1] et al., | : | |
| Defendants. | : | NOVEMBER 7, 2024 |
| | : | |

## INITIAL REVIEW ORDER

The plaintiff Steven K. Stanley, a sentenced inmate incarcerated at MacDougall-Walker Correctional Institution, filed this case under 42 U.S.C. § 1983 naming two defendants, Adam P. Scott and Anthony Spinella.[2] The plaintiff asserts a federal constitutional claim for violation of his Fourth and Fourteenth Amendment right to privacy for obtaining his cell phone records without a valid warrant or his consent and using those records in his state criminal case. The defendants are named in their individual capacities only. The plaintiff seeks no relief.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be

---

[1] The plaintiff names one defendant as Adam B. Scott. However, he has filed an amended complaint changing defendant Scott's middle initial from "B" to "P." The Court uses the corrected name.

[2] Prior to filing his amended complaint, the plaintiff filed a motion to amend to add Assistant Attorney General Stephen Finucane as a defendant but did not include him in the caption of the amended complaint he subsequently filed. Rule 10 of the Federal Rules of Civil Procedure requires that all defendants be named in the case caption. Fed. R. Civ. P. 10(a). Although unrepresented, the plaintiff is not a novice litigator. Court records show that he has filed eighteen cases in this district. As the plaintiff only listed defendants Scott and Spinella in the case caption, these are the only two defendants in this case. The Court notes, however, that even if the plaintiff has included AAG Finucane as a defendant, this would not alter the Court's decision.

granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless of whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis*.

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the Court orders as follows.

**I.     Background**

While the Court does not set forth all of the facts alleged in the plaintiff's Complaint (ECF No. 1), it summarizes his basic factual allegations here to give context to its ruling below.

The amended complaint consists of 130 pages containing excerpts from cases and other documents and much repetition. The plaintiff appears to allege that police obtained his personal cell phone records without obtaining a warrant and without his consent. State court Judge Fuger ruled that the records were improperly obtained and could not be used in the criminal case against the plaintiff. However, the plaintiff alleges that, although the defendants did not introduce his phone records into evidence, they did use them in the criminal case. According to the plaintiff, the only way the defendants could show that he made 1750 calls to the victim was by using his phone records as they were the only documents showing that the calls were made using the A67 feature which conceals the caller's number from the recipient. *See* Doc. No. 28 at 4-5.

The plaintiff filed this case on July 18, 2024. The same day, he filed *Stanley v.*

*Macierowski*, No. 3:24cv1219(MPS), against defendants Jennifer Macierowski, Adam B. Scott, Anthony Spinella, and Steven Finucane. The Court recounts the factual background as set forth in the Initial Review Order entered in *Stanley v. Macierowski*.

> On December 12, 2012, Stanley was convicted, after a jury trial, on "100 counts of criminal violation of a protective order in violation of General Statutes § 53a-223, one count of stalking in the first degree in violation of General Statutes (Rev. to 2011) § 53a-181c, and one count of threatening in the second degree in violation of General Statutes (Rev. to 2011) § 53a-62." *Stanley v. Scott*, 222 Conn. App. 301, 303 (2023), *cert. denied*, 348 Conn. 945 (2024). Defendants Adam Scott and Anthony Spinella served as the Assistant State's Attorneys who prosecuted Stanley. *Id*. at 302. Stanley's conviction "stemmed from evidence that approximately 1750 phone calls were made from [Stanley's] cell phone to the victim's cell phone between February 14 and March 24, 2012." *Id.* at 303.
>
> During his trial proceeding, Stanley objected to the admission of cell phone records that he claimed had been obtained illegally; the Superior Court did not rule on the merits of Stanley's objection, and the State chose not to offer Stanley's cell phone records into evidence. *State v. Stanley*, 161 Conn. App. 10, 28 (2015). Only the victim's phone records were admitted into evidence. *Id.*
>
> In May 2018, Stanley filed a complaint seeking damages from Scott and Spinella under 42 U.S.C. § 1983 in Connecticut Superior Court. *Stanley v. Scott*, No. TTD-CV-18-5010285-S, 2022 WL 3040685, at *1, *6 (Conn. Super. Ct. Aug. 2, 2022). In it, Stanley asserted that Defendants Scott and Spinella violated his Fourth Amendment rights because Officer Vanacore (1) obtained his cell phone records without proper notification to Stanley of the search warrant; 2) used Stanley's cell phone records to obtain a warrant for his arrest; and 3) illegally searched his home. *Id.* at *2. He also alleged that Scott and Spinella violated his Fourteenth Amendment rights when they used Stanley's cell phone records to obtain a conviction against him in contravention of the court order precluding use of the records at trial. *Id.*
>
> On August 2, 2022, the Superior Court determined that Scott and Spinella were entitled to summary judgment on all claims against them. The Superior Court first concluded that Defendants Scott and Spinella had no personal involvement in any alleged Fourth Amendment violation and were entitled to qualified immunity as Stanley did not have a clearly established right to his cell phone records. *Id.* at *3-*4. As to the Fourteenth Amendment claim, the Superior Court noted that the Appellate Court had already concluded that Stanley's cell phone records were not introduced into evidence in his trial and so he could not relitigate that issue, and

3

> the court concluded that even if the cell phone records had been admitted, Defendants were entitled to absolute prosecutorial immunity for any use of Stanley's cell phone records during the trial. *Id.* at *5. In addition, the Superior Court ruled that all of Stanley's claims for damages were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Specifically, the Superior Court reasoned that a judgment in his favor would necessarily imply the invalidity of his conviction or sentence and his claims were not ripe for adjudication. *Id*. at *7.
>
> On November 7, 2023, the Connecticut Appellate Court affirmed the Superior Court's decision. *Stanley,* 222 Conn. App. at 305 (2023), and on January 23, 2024, the Connecticut Supreme Court denied Stanley's petition for certification. *See id*., 348 Conn. 945 (2024).

*Stanley v. Macierowski*, No. 3:24cv1219(MPS) (D. Conn.) (Doc. No. 29 at 2-3 (footnotes omitted)).

## II. Discussion

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. This is because a plaintiff has no right to maintain two actions on the same subject in the same court, against the same defendants at the same time." *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) (internal citations and quotation marks omitted). For the prior pending action doctrine to apply, the actions must be "the same." There must be "the same parties ... the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis of the relief sought must be the same." *Id*. (quoting *United States v. The Haytian Republic*, 154 U.S. 118, 124 (1894)) (internal quotation marks omitted). This doctrine is intended to avoid conflicting judgments and conserve judicial resources. *See Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 243 (D. Conn. 2007) (citations omitted).

The plaintiff filed both cases on the same day. Initial review of the other case, which was

assigned a lower docket number, was completed on October 16, 2024. Initial review in this case has been delayed because the plaintiff did not timely respond to orders regarding his motion to proceed *in forma pauperis*. A comparison of the complaints and amended complaints filed in the two cases shows that the defendants in this case are defendants in the other case, the legal claims presented are identical, and the legal claims are based on the same underlying facts. Thus, the prior pending action doctrine applies.

Under the prior pending action doctrine, "[w]here there are two competing lawsuits the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." *Curcio*, 472 F. Supp. 2d at 243 (citing *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991)). Although both cases were filed on the same day, initial review has been completed in the other case. Thus, this case is dismissed under the prior pending action doctrine.

### III.    Conclusion

This case is dismissed under the prior pending action doctrine. All pending motions in this case are denied as moot. The Clerk is directed to close this case.

**SO ORDERED** this 7th day of November 2024 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge

5